[Civ. No. 1047. Second Appellate District.—November 7, 1911.]

EARL A. WILSON, AMOS TOWNE, GEORGE L. CURTIS and ALBERT E. CURTIS, Copartners, etc., Appellants, v. THE FIRST NATIONAL BANK OF LONG BEACH, Respondent.

CONTRACT FOR PUBLIC WORK—ASSIGNMENT TO BANK—AGREEMENT TO PAY SUBCONTRACTOR AND MATERIALMEN — LIABILITY OF BANK.— Where a contractor agreed with property owners in a city to construct bulkheads and sidewalks and electric lamps along a boulevard fronting on their lots, and assigned the contract to a bank, upon the understanding and agreement that the bank should pay out of the moneys received thereon the subcontractors and materialmen employed to assist the contractor in his work, and should only hold the residue as security to the bank for the contractor's debt thereto, and the bank had also agreed with the subcontractors to that effect before they commenced their work, the bank is thereby charged with the responsibility of satisfying their claims before applying anything received upon the contract to its own account with the contractor.

ID.—ACTION BY SUBCONTRACTORS—SUFFICIENCY OF COMPLAINT—GENERAL DEMURRER IMPROPERLY SUSTAINED.—Where the amended complaint in an action by the subcontractors against the defendant bank fully set forth all the facts showing its liability to satisfy their claims in full, both under the agreement had with the contractor at the time of its assignment of the contract for the agreed public work, for the benefit of property owners, to said bank, and also under the bank's agreement made with them to pay their

claims in full, it stated a cause of action to compel such payment, and a general demurrer thereto was improperly sustained, and should have been overruled.

Id.—Uncertainty of Complaint—Construction of Promise to Plaintiffs — Guaranty — Repetition of Promise to Contractor — Waiver of Objection.—Although a special demurrer for uncertainty might properly have been urged against the complaint, on the ground that it is uncertain as to whether the promise made by the bank to the plaintiffs was one of guaranty, to induce them to continue their work, or was intended merely as a repetition and affirmance of the contract with the contractor at the time of his assignment to the defendant bank, yet as no such ground of demurrer was urged by the defendant, that objection must be deemed to have been waived.

APPEAL from a judgment of the Superior Court of Los Angeles County.    Charles Monroe, Judge.

The facts are stated in the opinion of the court.

Denio & Hart, for Appellants.

John E. Daly, for Respondent.

JAMES, J.—A general demurrer, to an amended complaint filed by plaintiffs, was sustained and leave to further amend was denied.    Thereupon judgment was rendered for defendant, from which plaintiffs appeal.    In this amended complaint it was alleged that one E. L. Plantico, on August 1, 1906, entered into a contract with certain property owners of the city of Long Beach, wherein it was agreed that Plantico was to construct certain bulkheads and sidewalks, and erect electrical street lamps along a boulevard in front of the property of the other contracting parties; that Plantico then engaged plaintiffs, as subcontractors, to do certain of the electrical work, and that, before plaintiffs entered upon the doing of this work, Plantico assigned the main contract, which he had made with the property owners, to the defendant bank.    Plaintiffs then allege, on information and belief, that the assignment so made by Plantico to the bank was "upon the consideration and understanding that said defendant corporation would hold said contract and collect the moneys to become due thereunder from the respective prop-

erty owners as the same became due under the terms of said contract, and pay materialmen and subcontractors from the proceeds thereof, and apply the balance, if any, to certain obligations owed by said E. L. Plantico to said defendant bank." This allegation follows: "That thereafter, and before commencing work under their said contract with said E. L. Plantico, these plaintiffs went to said defendant corporation, and refused to proceed with said work except upon the condition that said defendant corporation collected the moneys to become due under the terms of said contract, and would pay over to these plaintiffs the moneys to become due to them upon the completion of said contract by them made with said E. L. Plantico, as aforesaid, and was assured by said defendant corporation that it would do the same; that upon such assurance plaintiffs thereupon commenced work under their said contract made with said E. L. Plantico, as aforesaid, and completed the same according to its terms." There was the further allegation that the amount which had become due to plaintiffs under their contract was the sum of $2,465.84, and that of this amount $1,240, and no more, had been received by way of credit from defendant bank, and that the defendant had refused to make further payments thereon. It was also alleged on information and belief that the defendant bank had collected on account of money due under the contract assigned to defendant by Plantico more than enough money to pay all claims of subcontractors and materialmen. Under the alleged terms of the assignment made by Plantico to the bank, the latter became charged with the responsibility of satisfying the claims of the materialmen and subcontractors before applying any of the proceeds received upon that contract to its own account. As we view the amended complaint, sufficient facts are stated to constitute a cause of action, although there appears to be some uncertainty as to whether plaintiffs intended to rely upon the assurance of the bank that it would see them paid, as a distinct and original contract on the part of the bank, or upon the agreement of the bank which formed a part of the consideration for the assignment made by Plantico, that moneys collected upon the main contract should be first applied in extinguishment of the claims of the materialmen and subcontractors. We think, however, that the pleading is

reasonably susceptible of the construction that plaintiffs did not intend to allege a separate contract on the part of the bank, made with them by way of guaranty, but that, all of the allegations considered, the pleading should be construed as intending to set forth only the cause of action based upon the liability of the bank under the assignment of Plantico, which was made in part for the benefit of these plaintiffs. Construed in that way, no other effect need be given to the allegations referring to the assurance given by the bank to plaintiffs, that it would see them paid, than to treat that allegation as meaning only that the defendant assured plaintiffs that it would comply with the terms of its agreement with Plantico to first pay out of moneys collected on the contract assigned to it the demands of the materialmen and subcontractors. A demurrer for uncertainty might properly have been urged against the complaint, but no such ground of demurrer was made by the defendant, and that objection must therefore be deemed to have been waived. We think that the demurrer should have been overruled.

The judgment is reversed.

Allen, P. J., and Shaw, J., concurred.